## PITTSBURGH PLATE GLASS CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 26802.    Feb. 18, 1936.

Pierce, McClelland, Kneeland & Bailey, for petitioner.

K. Shelton Skinner and Tom C. Waldrep, for respondent Cottrell.

PHELPS, J.  Walter Cottrell, claimant in the State Industrial Commission and respondent in this court. was employed by the Pittsburgh Plate Glass Company, petitioner herein, as a glazier. He was working on the new courthouse at Shawnee on March 25, 1935, and fell four stories, sustaining injuries for which the State Industrial Commission awarded him compensation for total permanent disability on November 2, 1935.

The two propositions urged by petitioner in this action to review the award are:

"The proceedings before the State Industrial Commission were premature in that

at the time of the hearing the condition of the claimant was such that the extent of his disability could not be determined.

"The evidence before the State Industrial Commission was insufficient to sustain the award of permanent total disability, it being established by the evidence that there was at most only a partial disability."

Because these propositions are almost entirely questions of fact, to be determined by application of the familiar test as to whether there is any competent evidence in the record to sustain the challenged findings, we review the evidence in its aspect most favorable to claimant:

Claimant sustained a double compound fracture of the left leg below the knee, and the same leg was also broken above the knee. Both wrists were badly broken in several places. He sustained a fractured skull and numerous other injuries. He had been under medical care for over seven months at the time of the hearing.

Four physicians testifying for claimant, as well as one testifying for the employer, were unanimous in their conclusion that claimant is totally and permanently disabled to do manual labor. Petitioner, however, says that because they testified that with time and use claimant's condition may improve, this hearing was premature in that it was impossible to determine the exact extent of his disability. That an injured employee may improve somewhere in the course of time, or even that he will certainly improve, is not necessarily in contradiction to the fact of total disability to earn a living by labor with his hands. The clear meaning of the testimony of all the physicians was that, although he may improve to some extent, "he will never be able to do ordinary manual labor," in the words of the employer's own physician witness; in other words, even assuming that he would improve, he would never improve sufficiently to labor. Total permanent disability does not mean a state of helpless paralysis. Confronted with the undisputed testimony of five physicians who had observed and treated the claimant over a considerable period of time, that his was a case of total permanent disability, we cannot say that the commission should have prolonged the investigation upon the mere possibility of some miraculous and unlooked for recovery.

On the second proposition no authority in point has been cited. The contention is that there is no total loss of use to either the right arm or wrist, left arm or wrist, or

left leg, and that therefore there is no basis for the finding of total disability. The evidence developed that there is little substantial use remaining in any of those members, the percentage of loss of disability being estimated as high as 75 per cent. to the left wrist, 65 per cent. to the right wrist, and 85 per cent. to the left leg. This is in addition to the other injuries.

For some while the rule has been in this jurisdiction that where there is a permanent partial disability in two arms, hands, feet, legs or eyes, or in a hand and a leg, or an arm and a leg, or any combination of the two, the proper method of computing the award is to add the two percentages of disability and divide that sum by two, and the resultant quotient is the percentage of 500 weeks (total disability award) for which the employee is entitled to compensation. If we should follow that method in the present case, then by combining the employee's left wrist and leg we would arrive at 400 weeks, and then if we should add to that number of weeks the 65 per cent. of 200 weeks represented by the right wrist (which would be 130 weeks, even should we consider it a hand and not an arm), the sum total would be 530 weeks. 30 weeks in excess of the award which was made, which was the maximum. Or if we should combine the two wrists and add the leg, the sum would be 495 weeks.

But in this case neither method of figuring is necessary. No decision has been cited by the parties with facts like those in this case. Here we do not have a two-member injury, nor do we have a situation wherein there is merely a certain percentage of loss of use of each of three members, to be computed by the formula of so much for the hands and so much for a leg, or the quotient percentage method described above. Partial disability to each of three members is just part of the picture, not all of it. We have here, in addition, the undisputed testimony of five physicians that the man is **in fact** totally and permanently disabled. Section 13356, O. S. 1931, provides for two-member injuries, but not three-member injuries. It also provides, after providing for the two-member injuries, that "In all other cases, permanent total disability shall be determined in accordance with the facts." This is significant. The act prescribes definite amounts of compensation for both partial and total losses of use of one member, and in another place it prescribes a definite amount for the total permanent loss of use of two members, the latter being conclusively

deemed total permanent disability regardless of the facts. And there the act stops; it does not attempt to set an arbitrary amount or method of computing compensation where there is a concurring permanent partial disability of two members or three members. The quotient method of computing two-member injuries grew up through the practice of the commission and approval of this court. Where there is not a total permanent disability in fact, in two-member partial disability, the quotient method is probably as satisfactory as could be devised, but it is self-evident that it could not with fairness be applied to an injury wherein there would be remaining in each arm, or in each leg, only five or ten per cent. of its usefulness. That is why the Legislature did not attempt to set a certain amount of compensation for such cases, but rather left the question of whether there is total permanent disability to "be determined in accordance with the facts."

Our opinion concurs with that of the commission. We believe that as a matter of ordinary human experience it may correctly be said that a man who has lost 75 per cent. of the strength or mobility of one arm or wrist, 65 per cent. of that of the other, and 85 per cent. loss of efficiency of one of his legs is not in condition to earn a living in the competitive field of manual labor. When the commission so concluded, on the strength of the testimony of five experts, including employer's own physician, it was a finding entirely "in accordance with the facts."

Award affirmed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.